[Civ. No. 3653.  First Appellate District, Division One.—December 27, 1920.]

J. C. RICE et al., as Trustees, etc., Appellants, v. UNION TRUST COMPANY OF SAN DIEGO (a Corporation), Respondent; CHARLES E. THOMAS et al., Interveners.

[1] PROMISSORY NOTE—PAYMENTS—ABSENCE OF INDORSEMENTS—PRESUMPTION.—Possession of a promissory note by the payee having no payments indorsed thereon raises a presumption that no part of the note has been paid.

[2] ID.—TRUST DEED—ACTION TO ENJOIN SALE—ISSUE OF PAYMENT—CONFLICT OF EVIDENCE—FINDING—APPEAL.—Where in an action to enjoin a sale under a trust deed given to secure the payment of a promissory note there is a conflict in the evidence on the issue of payment, the finding of the trial court cannot be disturbed.

APPEAL from a judgment of the Superior Court of San Diego County. Franklin J. Cole, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Charles B. McCoy for Appellants.

R. C. Springer and William G. Mirow for Respondent.

Doolittle & Morrison, William L. Morrison and Patterson Sprigg for Interveners.

KERRIGAN, J.—This is an action to enjoin a sale under a trust deed made by Rice-Landswick Company to the defendant. Judgment went in favor of the defendant and the plaintiffs have appealed.

The plaintiffs are the trustees of Rice-Landswick Company, a defunct corporation. On May 2, 1914, said company, at that time in active existence, borrowed $2,000 from Joseph W. Thomas, executing and delivering to him its promissory note in that amount, secured by thirty-five shares of the preferred and seventeen and a half shares of the common stock of said corporation standing in the

name of the Central Mortgage Company. On May 8, 1915, there was due as interest upon said note the sum of $142, at which time it was arranged that Joseph W. Thomas should lend to Rice-Landswick Company an additional $4,000, and take the corporation's note for $6,241. This was done, the note for $2,000 being surrendered. To secure payment of the new note the corporation conveyed certain real property to the Union Trust Company of San Diego, and the Trust Company executed its declaration of trust to that effect.

On May 15, 1919, the Trust Company gave notice of its intention to proceed to sell the said real estate to pay the principal sum of $6,142, with interest due thereon from the date of the note. Thereafter the plaintiffs, as trustees of the defunct concern, brought the present action to enjoin such sale upon the ground, as alleged in the amended complaint, that the sum of $1,000 had been paid upon the note, and that there was not due thereon the full amount of principal and interest as claimed by the defendant. The allegations of the complaint as to part payment were put in issue by the answer of the defendant, and also by the complaint in intervention served and filed by the executors of the estate of Jos. W. Thomas (who had in the meantime died). Another issue in the case was as to whether or not the plaintiffs had any interest in the real property the sale of which they sought to enjoin.

The court, on what appears to be sufficient evidence, found that the plaintiffs have no right, title, or interest of any kind in said property. This finding is not attacked by the appellants, and it would seem to be fatal to their appeal. The only ground urged for the reversal of the judgment is that the evidence shows that the sum of $1,000 was paid on account of the note—$300 in cash at a certain time and $700 by check upon another date. The witness Rice testified to this effect, and also that he had taken receipts for these alleged payments, but he did not produce such receipts nor the returned check for $700. This doubtless impaired the weight of his testimony. The defendant, on the other hand, produced the note, which bore no indorsements of any payments. [1] The possession of the note by the defendant having no payments indorsed thereon raised a presumption that no part of the note had been

paid. (8 Cyc. 248; 30 Cyc. 1268.) **[2]** It thus appears there was a conflict in the evidence on the issue of payment, and under a familiar rule we cannot disturb this finding of the court.

Judgment affirmed.

Richards, J., and Seawell, P. J., *pro tem.*, concurred.