[Civ. No. 4450.   Third Appellate District.—November 25, 1931.]

SOUTHERN COUNTIES GAS COMPANY OF CALIFOR-
    NIA   (a   Corporation),   Respondent,   v.   EDWARD
    SAMUEL EDEN, Appellant.

Edward Samuel Eden, *in pro. per.*, for Appellant.

LeRoy M. Edwards and Oscar C. Sattinger for Respondent.

JAMISON, J., *pro tem.*—Plaintiff brought this action to quiet title to a certain tract of land described as follows:

That portion of block No. 140 in the city of Santa Barbara, County of Santa Barbara, state of California, according to the official map thereof, described as follows:

Beginning at the most westerly corner of said block at the intersection of the southeasterly line of Figueroa Street, according to said map, with the northeasterly line of Anacapa Street, according to said map; thence along said line of Figueroa Street northeasterly 111 feet to a point; thence at right angles southeasterly parallel with Anacapa Street 100 feet to a point; thence at right angles southwesterly, parallel with Figueroa Street 111 feet to a point on said line of Anacapa Street; thence at right angles along said last-mentioned line, northwesterly 100 feet to the place of beginning.

Plaintiff sets forth in the second count of its complaint that it is the owner of said tract of land and that while the predecessors in interest thereof were the owners and in possession thereof defendants wrongfully and unlawfully entered into and upon the same and occupied a strip of

said land approximately two feet in width along the north-easterly side thereof and constructed a building thereon and ever since said date have wrongfully withheld said strip from plaintiff.

Defendant Edward Samuel Eden answered, denying the ownership of said strip of land by plaintiff and alleging that he is the owner thereof and that he and his predecessors in interest have been in the possession of said strip of land ever since the year 1871.

Judgment was rendered for plaintiff. Defendant moved for a new trial and the same being denied, he prosecutes this appeal.

The contention in this case is over a strip of land two feet wide along the easterly side of said tract of land, known as lot 8, which plaintiff claims is embraced within the boundaries of said lot and upon which defendant's grantors constructed a building which extended two feet over and upon said lot 8.

The evidence is to the effect that a fence existed across the easterly side of said lot 8 and separating it from said defendant's tract of land, known as lot 7 of said block. Just when the said building and fence were constructed is not definitely shown, but they were known to be there in 1903 and at that date had the appearance of being old structures. The said fence standing about one foot westerly from said building.

There is no evidence that plaintiff or its grantors were ever in the actual possession of the said strip of land. Defendant has been in the actual possession and occupation of the said building and ground upon which it stands since 1911.

Fred L. Johnston, a witness for respondent, testified that he was an engineer and surveyor and that he had made a survey of the said lots 7 and 8; that about eighteen years ago, he was connected with the engineering department of the city of Santa Barbara for a period of two years; that he made a survey of the property which lies between Anacapa Street and Santa Barbara Street and that faces on Figueroa Street in the year 1928; that he found by said survey that the building occupied by appellant extends two feet over and upon the said land of respondent; that he started that survey from monuments on Anacapa, Santa

Barbara and Figueroa Streets; that these monuments were supposed to have been set by Anthony Dozier about twenty-five years ago while he was the city surveyor. What he used to guide him in resetting the monuments witness could not say. These monuments have been in use and accepted by the city and licensed surveyors for more than eighteen years. While the records of said city show an official survey thereof they are difficult to establish; that the location of the streets is a matter more nearly of common usage than exact location; that the original survey of said city was made by one Haley about the year 1850 but the witness could not say whether or not the subsequent surveys made were from points designated by the Haley survey; that another survey was made by one Norway some twenty years after the Haley survey but that a great discrepancy existed between it and the one made by Haley. Witness could not say whether or not Anacapa Street running north and south in front of appellant's property was changed by the Norway survey from that made by Haley.

In the year 1869 Charles Bowen was the owner of said block 140 and in 1871 he executed deeds to the grantors of appellant and respondent for the respective tracts now owned by them.

According to the testimony of witnesses on behalf of defendant, which was not disputed, defendant and his grantors have been in possession of the two-foot strip since 1903 and at that date the said building that respondent claims projects over and upon his said lot and the fence which separated the two tracts, were old structures.

It is true that the mere construction and maintenance of an intervening fence is not sufficient upon which to base a claim of title by agreement. (*Ross* v. *Burkhard Inv. Co.*, 90 Cal. App. 201–205 [265 Pac. 982, 985]; *Staniford* v. *Trombly*, 181 Cal. 372 [186 Pac. 599]; *Dauberman* v. *Grant*, 198 Cal. 586 [48 L. R. A. 1244, 246 Pac. 319].)

In *Ross* v. *Burkhard Investment Co.*, *supra*, the court said: "It is only when the owners of contiguous tracts of land are uncertain as to the real boundary line which separates their respective properties, by mutual agerement, either express or implied, consent to accept a specified line as the true boundary, and thenceforth occupy and use their respective properties in accordance therewith for a con-

siderable length of time that the contracting parties and their privies in title will be estopped from repudiating the agreed boundary.''

An agreement fixing a boundary line need not be shown by direct evidence but may be inferred from conduct and especially from long acquiescence. (9 C. J. 232; 5 Cyc. 922.)

■ A· presumption that an agreement formerly was made as to the location of a boundary line may arise from the fact that one or both of the adjoining owners have definitely defined such line by erecting a fence or other monument on it and that both have treated the same as fixing the boundary between them for such a length of time that neither ought to be allowed to deny the correctness of its location. (*Board of Trustees* v. *Miller,* 54 Cal. App. 102 [201 Pac. 952] ; 4 R. C. L. 129.)

■ Appellant's motion for a new trial was supported by the affidavit of Alfonso Den, wherein Den states that he was the owner of said lot 7, now owned by appellant, and upon which he resided during the two years preceding July, 1908; that one Foulks during that period was the owner of said lot 8, now owned by respondent and resided thereon; that upon one occasion said Foulks and affiant had a conversation in which said Foulks claimed that the building of said affiant extended a foot and a half over and upon said Foulks' property; that affiant disputed this and stated to Foulks that he owned all the land up to the fence which separated the two tracts and that said fence had been there for more than thirty years; that thereupon Foulks said it was all right and thereafter made no claim to the disputed strip up to the time he ceased to be the owner of said lot 8 in 1923. Affiant also stated that he first saw the fence separating the said lots and the building owned by appellant in the year· 1872, and that said fence and building are in the same position now that they were at that date; that prior to the trial he had not informed appellant nor any other person of the facts set forth in ·his affidavit. There is no evidence indicating that the monument at the intersection of Anacapa and Figueroa Streets, from which Johnston made his measurements, was the true starting point for such measurements.

How or from what source he determined that said monument so placed by him actually marked the point at which

said streets intersected in 1871 does not appear. He stated that the location of the streets was a matter more nearly of common usage. than exact location. What the location of the two streets by common usage was in 1871 is not shown. It thus appears that respondent has failed to establish, with any degree of certainty, the initial point from which Johnston made his survey of lots 7 and 8.

In the case of *Garrity* v. *Miller*, 204 Cal. 454 [268 Pac. 622], the court said: "It is well settled that from considerations of public policy equity will not lend its aid in the enforcement of stale demands. The peace and convenience of society require that such demands be not encouraged," and in that case, the court further said: "No rule of law is better settled than that a court of equity will not aid a party whose application is destitute of conscience, good faith and reasonable diligence, but will discourage stale demands, for the peace of society, by refusing to interfere where there has been gross laches in prosecuting rights, or where long acquiescence in the assertion of adverse rights have occurred. The rule is peculiarly applicable where the difficulty of doing entire justice arises through the death of the principal participants in the transaction complained of, or of the witness or witnesses, or by reason of the original transaction having become so obscured by time as to render the ascertainment of the exact facts impossible."

In the case under consideration, according to the affidavit of Den on motion for a new trial, respondent's grantor had knowledge of appellant's adverse claim to said two-foot strip and for a period of more than fifteen years, acquiesced in said claim and made no effort to dispute it. It is true that, in so many words, appellant did not plead laches in his answer, but he did set forth therein that the predecessors of appellant had been the owners of said strip of land and had been in the actual possession thereof since 1871 and that neither respondent, nor its grantors, had ever owned or possessed said strip.

In the case of *Akley* v. *Bassett*, 159 Cal. 625–648 [209 Pac. 576, 585], the Supreme Court said: "It is well settled that the defense of laches need not be pleaded, but where it appears from the evidence that the seeker of relief in equity has been guilty of laches the court will deny such relief

*sua sponte."* (*Suhr* v. *Lauterbach,* 164 Cal. 591 [130 Pac. 2].)

It appears from the affidavit of Frank H. Doan in support of the motion for a new trial that the general result of the judgment for respondent would be the removal of four houses from their present location, entailing considerable cost.

We are of the opinion that the court erred in denying appellant's motion for a new trial; furthermore, that the evidence produced upon the part of respondent fails to show that the initial point from which the witness Johnston surveyed lots 7 and 8 was the starting point set forth in the deed to respondent and his grantors as conveyed to them by Bowen in 1871. We are also of the opinion that the respondent and his grantors have been guilty of such laches that recovery should be denied.

The judgment is reversed.

Thompson (R. L.), J., and Preston, P. J., concurred.