[Civ. No. 2557.   Fourth Appellate District.—February 4, 1941.]

MARY OLIVERO, Plaintiff and Appellant, v. AUGUST ROSANO et al., Respondents; MARY OLIVERO et al., Cross-Defendants and Appellants.

Julius Hansen for Appellants.

Arthur Frame for Respondents.

KLETTE, J., *pro tem.*—Mary Olivero, plaintiff and appellant, brought suit against August Rosano and Mary Rosano, defendants and respondents, to quiet title to certain real property. Defendants and respondents filed a cross-complaint in which they named G. E. Olivero and Mary Olivero, husband and wife, as cross-defendants, and in which they alleged that on November 15, 1934, the Oliveros were indebted to defendants and respondents in the sum of $835, on a promissory note, and that on that date a deed was taken to the real property in question, in the name of defendants and respondents, who advanced the purchase price of $4,000, in cash and credit, upon the verbal understanding and agreement, that they were to hold title in trust for appellants, until all advances made by them, together with said sum of $835, represented by said note, were paid, with interest. Payment was to be made within one year, but time for payment was extended to November, 1936. It was alleged that there still remained unpaid on said advances, the sum of $1837.13, and said sum of $835, together with interest.

The answer to the cross-complaint admits, in effect, most of the allegations thereof, merely realleging them in somewhat different detail, excepting as to the $835, which it is alleged was not included in the transaction, had been repaid prior to November 15, 1934, and that the entire transaction was barred by section 337 of the Code of Civil Procedure. Appellants admitted owing $1653.08, which they were willing to pay upon execution of deed to them.

It was stipulated by respective counsel, in open court, that appellants were indebted to respondents in the sum of $1837.13, besides interest, but that this did not include the $835, and that the only issues before the court were as to whether this $835 had been paid, and also if barred by the statute of limitations.

The $835 note bore no date, other than 1930, and provided no date for payment, appearing to be the usual printed form of note, without the blanks filled in. Respective counsel have treated it as a demand note, which would outlaw within four years from the date of execution.

The trial court found for respondents on both of the issues presented, and rendered an interlocutory judgment that respondents held title to the real property in trust for appellants, as security for the payment of the sum of $3,153.85 (which included the $835, with interest thereon), which appellants were required to pay within ten months after the entry of judgment, whereupon respondents were required to convey said property to appellants. If said sum was not paid within the time specified, title to the real property was quieted in respondents. Plaintiff and cross-defendants appealed from this interlocutory judgment, and from the order denying them a new trial.

There was a sharp conflict in the testimony, both as to the date when the note was made, and also as to whether paid. Respondents, the payees named in the note, had the note in their possession, with no endorsement of payments thereon, which raised a presumption it had not been paid. (*Rice* v. *Union Trust Co.*, 50 Cal. App. 643 [195 Pac. 720].) Mary Rosano, one of the respondents, testified that the note was not paid, and that it was executed after Thanksgiving, 1930, which would bring it within four years of the time the trust was created, on November 15, 1934. Mary Olivero testified, just as positively, that the note had been paid, by being merged into another note, in 1931, and that the date of its execution was September, 1930, which would be more than four years before the creation of the trust.

It is a well recognized principle of law, that it is the exclusive province of the trial court to determine the credibility of the witnesses, the weight and effect to be given to the evidence, to consider inferences reasonably deducible from it, and from the conflicting evidence determine the disputed

fact. It is only in cases where there is no evidence to sustain a finding, or where it can be said, as a matter of law, that the evidence is insufficient to sustain it, that this court has jurisdiction to consider the evidence. (*Thom* v. *Stewart,* 162 Cal. 413 [122 Pac. 1069] ; *Wood* v. *Lehne,* 30 Cal. App. (2d) 222 [85 Pac. (2d) 910] ; *Woods* v. *Cook,* 14 Cal. App. (2d) 560 [58 Pac. (2d) 965].)

There is ample evidence in the record to support the findings that the $835 note was included in the trust agreement, that it had not outlawed at that time, and that it has not been paid, and therefore we cannot disturb these findings.

While appellants, in their brief, confine their argument to the question as to whether the $835 note had outlawed before the trust agreement was made, yet in their answer to the cross-complaint, the plea of the statute of limitations goes to the entire cause of action set forth in the cross-complaint. We deem it necessary, therefore, to pass upon the question, from that point also.

This is an equitable action, to establish a trust, and must therefore be governed by the rules and maxims of equity. One of these is, that, "he who seeks equity must first do equity". Unwillingness to pay a just indebtedness, found to be due, does not commend one who seeks the aid of equity, to avoid payment of such indebtedness, on the ground that the debt, though morally due, is barred by the provisions of a statute, limiting the time within which an action to enforce payment of the obligation may be instituted. (*Bradley Co.* v. *Ridgeway,* 14 Cal. App. (2d) 326 [58 Pac. (2d) 194].)

The judgment appealed from is affirmed. The order denying the motion for a new trial, being non-appealable (*Hill* v. *Fricke,* 5 Cal. (2d) 320 [54 Pac. (2d) 460] ; *Roberts* v. *Brae,* 5 Cal. (2d) 356 [54 Pac. (2d) 698]), the attempted appeal therefrom is dismissed.

Barnard, P. J., and Marks, J., concurred.