[Civ. No. 11059. First Dist., Div. One. Nov. 12, 1941.]

THEODORE SCHNEIDER et al., Appellants, v. W. F. PASCOE et al., Respondents.

Fred M. Riedman for Appellants.

Houser, Houser & Houser and J. Everett Houser for Respondents.

WARD, J.—This is an appeal from a judgment in favor of defendants in an action to restrain them by injunction from maintaining or using that portion of their building claimed to encroach about fourteen inches upon plaintiffs' adjoining property. Two questions are involved: Was the testimony of a civil engineer sufficient to substantiate an encroachment; and, was there ever established an agreed boundary line?

Defendants purchased their property in 1903. In 1918, one Price built a private garage on his adjoining property. Shortly thereafter a neighbor called defendants' attention to the fact that the Price garage was encroaching upon the Pascoe property. Thereupon Price and Pascoe, after making measurements from certain surveyor's stakes in the neighborhood, agreed that there was an encroachment, and Price moved his garage in accordance with their findings. There was testimony that a lath fence attached to this garage further marked the property line of the parties. In referring to a stucco business building erected by defendants in 1922, there was testimony that there was "a space of about four

or five inches between that [the building] and the little fence. Q. Do you refer to the little fence—is that the agreed line between you and Mr. Price? A. Yes.'' From the entire record some doubt might have existed relative to the date of the erection of the fence, but this was a question of fact for determination by the trial court. The structure erected by defendants in 1922 consisted of undertaking parlors, built at the rear of their property, with garage accommodations for four ambulances. Subsequently, in 1923 they erected a brick building on the front of the property, extending back seventy-five feet, and some six or seven feet beyond the east end of the private garage on the property formerly owned by Price. It is in connection with one of the walls of this brick building that the encroachment is claimed. In constructing the building, the contractor measured from surveyor's stakes, the agreed boundary line and the line of the stucco structure in the rear. According to his measurements, the brick building was erected clearly within the confines of defendants' property. The plaintiffs herein testified that they purchased their property in 1937; the present action was filed in 1938. Between such times they tore down the old fence, obliterated the post holes and erected a fence in accordance with their ideas as to the property line.

The court found that ''the [Schneider] property referred to as lot ten (10) is a residence lot improved with a five room cottage and garage, and that the [Pascoe] property referred to as lot eight (8) is a business lot improved with two business structures, one a public garage 75 feet deep and extending across the width of the lot, and the other a portion of a one story building used as funeral parlors, and that the structure which plaintiffs refer to as an encroachment consists of a portion of the southern wall of said public garage, and that said wall is of high grade brick construction and represents a valuable improvement and a heavy investment.''

It was stipulated that the civil engineer who testified for plaintiffs was a competent witness. Respondents, however, contend that in making his survey he did not go to the original monuments or resort to the original maps. There was some evidence of the obliteration of the original monuments, but also some evidence of their re-establishment. Further, there was evidence that a map prepared and used by him was a copy of a map in the city engineer's office ''which pur-

ports to be a copy of the record map." In determining the boundaries of land, the original and record survey, unless shown to be inaccurate, should, if possible, be followed. (*Churchill Co.* v. *Beal*, 99 Cal. App. 482 [278 Pac. 894]; *Wilmon* v. *Aros*, 191 Cal. 80 [214 Pac. 962]; *People* v. *Covell*, 17 Cal. App. (2d) 627 [62 Pac. (2d) 602]; *Hoffman* v. *Van Duzee*, 19 Cal. App. (2d) 517 [65 Pac. (2d) 1330].) In this case the sufficiency of the surveyor's testimony is of secondary importance—the boundary line had been fixed by agreement and subsequent acquiescence long prior to the present action.

Where there is a disagreement by contiguous owners relative to property lines, and a parol agreement is in good faith entered into between them fixing the dividing line by marked designations, such as a fence or structure which plainly marks it, and the parties continue to acquiesce in such agreed location for a period equal to the statute of limitations, the line becomes the fixed boundary against the protests of either party or a successor in interest, irrespective of the fact that subsequently it may appear that the line agreed upon is not the true line as delineated or referred to in deeds. (*Loustalot* v. *McKeel*, 157 Cal. 634 [108 Pac. 707]; *Todd* v. *Wallace*, 25 Cal. App. (2d) 459 [77 Pac. (2d) 877]; *Young* v. *Blakeman*, 153 Cal. 477 [95 Pac. 888].) *Wilder* v. *Nicolaus*, 50 Cal. App. 776 [195 Pac. 1068], is not in point. In that case a fence was built, but there was no agreement that it designated the dividing line. The legal basis of the rule is reinforced when the parties erect structures, not as barriers, but in the form of substantial buildings. (*Roberts* v. *Brae*, 5 Cal. (2d) 356 [54 Pac. (2d) 698]; *Price* v. *DeReyes*, 161 Cal. 484 [119 Pac. 893].)

Appellants contend that there was never in fact any dispute or uncertainty between Price and Pascoe relative to the boundary line. There was at least sufficient dispute to result in the measurement by use of the surveyor's stakes, and the moving of the Price garage about a foot from its original position to the agreed boundary line. Dispute in this connection consists of the uncertainty in the minds of the contracting parties as to the location of the boundary line. The same contention, under somewhat similar facts, was raised and disallowed in *Swartzbaugh* v. *Sargent*, 30 Cal. App. (2d) 467 [86 Pac. (2d) 895]. (See also *Clapp* v. *Churchill*, 164

Cal. 741 [130 Pac. 1061]; *Roberts* v. *Brac, supra; Price* v. *DeReyes, supra.*) The case of *Agmar* v. *Solomon,* 87 Cal. App. 127 [261 Pac. 1029], cited by appellants, is not in point. In that case a building was erected in disregard of, or as a mistake in, survey, and there was no acquiescence nor claim of ''acquiescence'' therein for a period equal to the statutory period of limitations.

The evidence is sufficient to establish that each of the respective owners was uncertain as to the true boundary line; that in good faith they agreed upon and designated one, marked it and subsequently, nearly twenty years ago, erected buildings in accordance therewith, the removal of which would result in substantial loss.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.