[Civ. No. 14755. Second Dist., Div. Two. Apr. 17, 1945.]

JOHN E. MILLER, Appellant, v. RUTH E. MILLER, Respondent.

John E. Miller, in pro. per., for Appellant.

Sprague, Ivey & Sprague for Respondent.

MOORE, P. J.—The question for decision is whether the findings have substantial evidentiary support.

On September 7, 1943, respondent obtained an interlocutory decree of divorce from appellant with whom she had lived in conjugal amity for some years. Following the entry of that decree appellant instituted this action against her for declaratory relief, claiming that the home in Compton in which the parties had maintained their abode was owned by them as joint tenants and that he had voluntarily recorded an assignment of his interest therein solely for his wife's protection in the event of his death in the course of military training. Also, he alleged that he had endorsed in blank his certificate of ownership of a Studebaker automobile and left it among his papers and that without his consent respondent had appropriated it, had inserted her name as assignee and had caused title thereto to be transferred to herself. Wherefore, he demanded to be restored to ownership.

Following a trial the court made findings as follows: On June 29, 1940, the parties contracted for the purchase of

the Compton property as joint tenants for which they held a sales agreement from the Ed Krist Company without a notarial acknowledgment; prior to April 15, 1942, appellant informed respondent of his intention to assign to her his interest in the realty and subsequently advised her that he had made such assignment; plaintiff terminated his interest in the property by assigning the contract to respondent and pursuant to his request she accepted the assignment and recorded the instrument; November 27, 1941, the parties purchased with community funds a Studebaker car, the title to which was taken in the name of appellant but with the intention of both that it should remain community in character; on August 15, 1942, appellant indorsed the ownership certificate, delivered it to respondent and advised her that he was thereby assigning his interest in the vehicle to her; one week later, with respondent's knowledge, appellant moved to the State of Arizona. The court determined also that it was not true that appellant instructed his wife that in the event of his decease as a result of hazardous war training she could have the automobile, but that appellant made a voluntary gift of the vehicle to respondent. Upon such findings the court decreed that both the Compton property and the automobile were community property from the date of purchase of same by appellant until the transfer of his interest therein to respondent, after which the property was her separate estate.

The testimony of respondent and the documentary admissions of appellant constitute substantial proof that appellant intended to and did assign his interest in the contract of purchase and his certificate of ownership of the automobile to his wife. In a letter dated October 2, 1942, appellant wrote respondent: "You have a very favorable house contract, furniture, car, and cash, plus your excellent position. . . ." On May 23, 1943, about two weeks after the filing of the divorce action appellant wrote respondent: "It was largely your money that sent me through law school. . . ." On June 5, 1943, he wrote her: "When you do set up your new establishment take nothing with you, sell it off, give it away or anything that will take it completely out of your life. . . ." And again on December 23, 1942, he wrote his wife: ". . . You have everything but the plane and the money in mother's hands . . . so take it and go your merry way."

In addition to the documents above quoted the testimony of respondent was positive and unequivocal that the assignment of the contract for the purchase of the Compton home was voluntarily executed by appellant to her; that prior to his departure for Arizona, August 22, 1942, he told her of having executed the assignments of the contract and the certificate of automobile ownership to her and that he had placed them in his brief case which was in their home in the back bedroom on the sewing machine; that she took the Krist contract from its repository in the latter part of December. As if to reassure her of his purpose to yield all community possessions to her he reminded her that it was her earnings that had made it possible for them to have the home.

The findings of the trial court will not be disturbed so long as there is any substantial evidence in the record in support of them. (*Bellman* v. *San Francisco H. S. Dist.*, 11 Cal.2d 576, 581 [81 P.2d 894].) Because appellant introduced evidence in certain respects contradictory to that of respondent, appellant contends that the judgment should for that reason be reversed. But the rule is that only where there is no evidence to sustain a finding or where as a matter of law the evidence is insufficient to sustain it, does the appellate court have jurisdiction to consider the facts other than as found. (*Olivero* v. *Rosano*, 42 Cal.App.2d 740 [109 P.2d 976] ; *Thom* v. *Stewart*, 162 Cal. 413 [122 P. 1069].)

The contention is made that it was obligatory upon respondent, because of the confidential relationship, to prove that the transactions were without fraud. Without indulging in an extended discussion of that doctrine it is sufficient to observe that the documentary and oral testimony introduced by respondent and the inferences reasonably drawn from all the facts were sufficient when believed by the trial judge to dispose of such contention.

Judgment affirmed.

McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 14, 1945. Schauer, J., voted for a hearing.