[Civ. No. 15061.   Second Dist., Div. Two.   Feb. 19, 1946.]

FLORENCE GIVENS et al., Appellants, v. VIVIAN L. JOHNSON, Respondent.

Marshall Denton, Jr., for Appellants.

H. R. McKee and Joseph Shane for Respondent.

MOORE, P. J.—Having the record title in her name, appellant Givens sued to quiet title to lot 23 described in the judgment. Inasmuch as she is the only cross-defendant concerned with this appeal she alone will be referred to as appellant. In addition to her denial of plaintiff's claims, respondent by cross-action alleged that the lot was purchased by herself and her husband by the payment of $500 of their own money and by their agreement to pay their vendors $30 monthly until the balance of $2,000 should be wholly paid; that appellant took the title in her name with the understanding that she would hold it in trust for respondent and her husband pending the discharge of the incumbrance. Appellant is the aunt of cross-defendant Millard Johnson, respondent's former husband, who declined to join respondent in the action. Because of his refusal to cooperate with respondent she joined him as cross-defendant and he appeared as a witness against her.

The judgment entered declares that the lot is the community property of defendant and her former husband; that appellant has no interest therein except the sum of $450; and that she holds the record title as trustee for Vivian and Millard.

Appellant contends for a reversal on two grounds: (1) That the evidence is insufficient to support the findings and (2) the court abused its discretion in denying plaintiff's counsel opportunity to argue her cause at the conclusion of the evidence.

According to the findings, on August 4, 1939, respondent and her husband purchased lot 23 from Mr. and Mrs. Arra M. Reed, negotiations for the purchase having been initiated by appellant. In order to effect the purchase Vivian and Millard borrowed the sum of $500. While Mrs. Givens executed the note for the balance of $2,000, payable in monthly installments of $30, and the trust deed securing same, such payments were made by Vivian and Millard until

November, 1943. Promptly upon the close of the transaction for the purchase respondent and her husband occupied the property but it was agreed that appellant should hold the title in trust for them until they should discharge the trust deed and note.

While there is evidence contradictory of that adopted by the trial court the latter furnishes ample support for the findings. Respondent testified that she resided on the property from the date of its purchase until August, 1945; that her husband resided there until divorced in May, 1944; that she and Millard borrowed $500 on his insurance policy and with such sum made the down payment on the purchase price, that previous to the loan she had paid the monthly installments of the premium on the policy with moneys earned by herself and her husband; that she and her husband likewise made the monthly payments on the property out of their community funds; that such payments were made to the Union Bank and Trust Company, whose receipts therefor were admitted in evidence. She testified that she tendered no further payments after it had refused to accept them; that she then began to forward them to Mr. Reed at Oakland, but that he also declined to receive them from her.

During her occupancy respondent and her husband replanted the lawn, redecorated the interior, repaired the floors, installed new lighting fixtures and venetian blinds, all at their own expense. No sum invested in such improvements was ever repaid to them by appellant. With moneys furnished by her husband, in person she paid the taxes, while he paid premiums on the fire insurance. Other witnesses testified concerning the improvements made by Mr. and Mrs. Johnson and of conversations with them in the years following the purchase in which both asserted their ownership of the property and Millard stated his plans for the construction of a garage and driveway. Such testimony must have risen like a ghost before him when at the trial he testified that he had paid Mrs. Givens a monthly rental of "$40.00 for the house."

The entire record confirms the wisdom of the findings. The actual investment of Vivian and her husband of their own earnings in the insurance; the circumstances of the loan; their occupancy and the improvements prior to their divorce; their payment of the monthly installments; the evident insincerity of both Millard and his aunt,—these facts give

reassurance that the trial judge was not arbitrary in deriving the findings but was discriminating. ██ However, even though we did not approve of the decision derived, yet under the attack of insufficiency of support the reviewing court is powerless to interfere where substantial evidence and reasonable inferences appear in support of the findings. (*Fischer* v. *Keen,* 43 Cal.App.2d 244, 248 [110 P.2d 693]; *Olivero* v. *Rosano,* 42 Cal.App.2d 740 [109 P.2d 976]; *Erreca* v. *Western States Life Ins. Co.,* 19 Cal.2d 388, 397 [121 P.2d 689, 141 A.L.R. 68].)

██ Mrs. Givens contends that contrary to the findings there is no proof of an express oral agreement establishing a trust in the property and that, if there had been, an oral agreement to create a trust in real property is void and violative of section 852 of the Civil Code as declared in *Dimity* v. *Dixon,* 74 Cal.App. 714, 720 [241 P. 905]. However, the reference to an express trust is surplusage. (*Lezinsky* v. *Mason Malt Whiskey D. Co.,* 185 Cal. 240 [196 P. 884].) The facts found and the evidence accepted clearly show that a resulting trust was created. The $500 check from the Metropolitan Life Insurance Company was endorsed by the payees thereof, to wit, Millard Johnson and his mother Elmira, and was delivered to Millard. This constituted an effectual transfer of the money to him. (*Brown* v. *Spencer,* 163 Cal. 589 [126 P. 493].) Payment of the premiums by Millard and Vivian had, moreover, established their ownership of the policy. Also, they paid all of the monthly installments on the trust deed while they dwelled on the property in amity, and thereafter Vivian paid them as long as the payee would accept them. ██ Surely then, a resulting trust arose the moment Mrs. Givens accepted the conveyance of the property to herself. (*Brown* v. *Spencer, supra.*) Such a trust is a creation of the law and is essential to the protection of confiding persons who innocently entrust to others the money intended for investment for the benefit of its owner.

██ Appellant deems herself aggrieved by reason of the court's refusal to hear argument at the close of the evidence. No prejudice appears to have resulted from such refusal. The issues were largely factual; the court had participated in elicting and clarifying the evidence and appears to have been fully informed at all stages of the trial. But whatever disadvantage appellant may have suffered in not presenting

an argument at the close of the evidence such error was cured by the proceedings on the motion for a new trial. There all of the issues presented on this appeal were argued without hindrance. The controversy before the trial court was one of a variety which occurs frequently and where the task before the court is primarily that of resolving conflicting evidence, in which the jurist after many years of experience becomes a technician. It cannot be said that a litigant was prejudiced by the court's reaching a determination in such a case without the aid of oral argument, especially where the facts were subsequently argued on the motion for a new trial.

The attempted appeal from the denial of the motion for a new trial is dismissed.

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.