[Civ. No. 16265. Second Dist., Div. Three. Dec. 10, 1948.]

AVIS R. PATIN et al., Appellants, v. JEANNE TERSIP, Individually and as Administratrix, etc., Respondent.

G. V. Cutler and Edward A. Quinn for Appellants.

Weinstein & Bertram for Respondent.

WOOD, J.—Plaintiffs, who are nieces of John E. Tersip, deceased, sought by their amended complaint to set aside and cancel a deed by which he purportedly conveyed certain property to defendant Evelyn (Jeanne) Tersip and William J. Tersip, as joint tenants. Plaintiffs alleged that John E. Tersip, at the time of the alleged execution of the deed, was under the influence of drugs; and that the deed was false, forged, and not executed by John E. Tersip as a conveyance of the property. Defendant, in her answer, denied said allegations regarding the execution of the deed, and alleged that she, as the surviving joint tenant, was the owner of the property. She also filed a cross-complaint to quiet her title to the property. Plaintiffs, in their answer thereto, alleged that the deed was made by John E. Tersip by mistake, and that his consent was obtained through duress, menace, fraud and undue influence exercised by defendant and William J. Tersip, in that, John E. Tersip believed, at the time of executing the deed, that cross-complainant was the wife of William J. Tersip; that in fact she was not then and had not been his wife; that at the time of executing the deed the grantor was lying in a hospital, was nigh unto death, and was under the influence of drugs administered by or under the direction of cross-complainant.

The court found that John E. Tersip died on April 30, 1945; that on March 22, 1945, he executed a grant deed wherein he granted "to said William J. Tersip and Evelyn Tersip [defendant], husband and wife, as joint tenants," the property involved herein; that at the time of the execution of said deed "John E. Tersip had full and complete capacity to execute and deliver said deed and was not acting under any fraud, duress or undue influence of the Defendant and Cross Complainant or of any person whatsoever, was not under the influence of drugs, and was not acting under any mistake of law or of fact."; that William J. Tersip died on April 6, 1946, and upon his death his interest in the property passed by right of survivorship to the defendant; that none of the plaintiffs and cross-defendants has any right, title or

interest in said property. Judgment was in favor of defendant. Plaintiffs appeal.

Appellants contend that the court erred in finding that John E. Tersip had full and complete capacity to execute the deed; and that it erred in finding that he was not acting under mistake, fraud, duress, or undue influence, or under the influence of drugs.

John E. Tersip and William J. Tersip were brothers. John met Jeanne Tersip, also known as Evelyn Tersip, in 1939 when John's wife was a patient in a sanitarium that was operated by Jeanne. His wife died in 1940. In June, 1944, John was a patient in a sanitarium, and upon his request, William and Jeanne took him to his home, and performed nursing services for him. They also lived in his home. Jeanne, who was then a supervisor of nurses at a hospital, employed a housekeeper to care for John during the daytime, while she continued with her work at the hospital. Some of his ailments were high blood pressure (300 over 140), nephritis, arthritis, and hardening of the arteries. He was in bed from July, 1944, until the latter part of December, 1944. Jeanne testified that she and William lived together in John's home and held themselves out as husband and wife. In February, 1945, John had a "stroke" and was taken to the hospital where Jeanne was employed. On March 22, 1945, William told an attorney at law that John wanted to see the attorney. About 7 p.m. on that date, the attorney went to the hospital and conferred with John concerning the preparation of a will. A will, which was then prepared by the attorney, was signed by John. After the will had been signed by him he asked the attorney about the procedure in probating the will. After some conversation between them concerning that procedure and concerning the effect of a joint tenancy deed, the joint tenancy deed here involved was signed by John and was handed to him by William, who then handed it to Jeanne, who then handed it back to William. On the next day a notary public went to the hospital, and John acknowledged his signature before him. The deed was recorded on that day, March 23, 1945. John died on April 30, 1945. William died on April 6, 1946.

 Appellants' contention that the court erred in finding that John E. Tersip had capacity to execute the deed is not sustainable. A neighbor of John, who was called as a witness by plaintiffs, testified that John was "absolutely mentally sound." Another neighbor, who was called as a witness by

plaintiffs, testified that he was very well acquainted with John; that he last saw him about two weeks before he went to the hospital; and that John was mentally sound. Another witness, called by plaintiffs, testified that she was the aunt of John's wife; that she had known John for many years; that she went to see him at the hospital about every week; that she saw him a day or two after the will was made and the day before he died; and that in her opinion John was of sound mind. Four witnesses, called on behalf of defendant, testified that they had seen John in the hospital on or about the day the deed was executed. One of those witnesses, a nurse who saw him several times a day while he was in the hospital, testified that she "would say definitely that he was mentally sound"—that he was weak but "his mind seemed to be perfectly alert." Another of those witnesses, the doctor who attended John while he was in the hospital, testified that his illness did not affect his mentality in any way; that he was "alert practically to the time of his death"; and that John talked very intelligently. Another of those witnesses, the attorney who prepared the deed, testified that he was with John about two and one-half hours in the evening of March 22, 1945; that John "certainly" carried on an intelligent conversation; that there was no question in the mind of the witness but that John intended "to pass title" to the property to William and defendant; and that he told the witness that he "would like to have it [the deed] now and get it off his mind." Another of those witnesses, the notary public, testified that John appeared to be rational and "absolutely a well man." It therefore appears that said finding of the court regarding the capacity of the grantor was supported by very substantial evidence. ■ Appellants agree that no witness testified that the grantor was not mentally sound, but they assert in effect that the evidence regarding his poor physical condition, such as his high blood pressure, extreme weakness, and cold and clammy body, established that the testimony of the witnesses, that he was mentally sound, was untrue. In other words, appellants assert in effect that the trial court erred in weighing the evidence. It is not the province of a reviewing court to weigh the evidence. (*Estate of Sehabiague,* 47 Cal.App.2d 793, 800 [119 P.2d 30].) The question as to the mental capacity of the grantor was a question of fact for the determination of the trial court upon a consideration of all the evidence. If a finding of fact is supported by substantial evidence it will not be disturbed

on appeal. (*Miller* v. *Miller*, 68 Cal.App.2d 751, 754 [157 P.2d 867].)

Appellants' contention that the court erred in its finding to the effect that the grantor was not acting under mistake, or fraud, or undue influence, is not sustainable. Appellants argue that where there is a conveyance without consideration, except love and affection, and where a confidential relationship exists, the conveyance will be set aside upon the discovery of the least fraud. They argue that the fraud herein consisted of the conduct of the defendant and William in holding themselves out as husband and wife and causing John to believe that they were husband and wife. In support of their argument that John believed that they were husband and wife, appellants refer to the words, "husband and wife," appearing in the deed. Even if John did believe, as the result of fraudulent representations by William and the defendant, that they were husband and wife, it does not necessarily follow that John made the deed solely because he had such belief. The argument of appellant assumes that John made the deed solely for the reason that he believed the grantees were husband and wife. It might have been concluded from the evidence herein that, irrespective of whether the grantees were married, John intended to convey the property to them. He was very much devoted to William, his only brother and nearest relative. John and the defendant had been good friends for several years, and she had nursed and cared for him for many months during his last illness. It appears that there had been a friendly association among the three of them for several years and that each one was interested in the welfare of the others.

Appellants' contention that the court erred in finding that the grantor was not acting under the influence of drugs is not sustainable. The evidence shows that one-fourth grain of morphine was administered to him about 22 hours before the deed was made, and no opiate was administered thereafter prior to the making of the deed. The physician, who attended the grantor, testified that one-fourth grain of morphine was administered to John at 10 p.m. on March 21, 1945, and that that morphine "definitely would not" affect his mentality on the following evening. That was substantial evidence in support of said finding.

All the contentions and arguments of appellants on this appeal are to the effect that the trial court erred in weighing

the evidence. As above stated, it is not the function of an appellate court to consider the relative weight of conflicting evidence but only to consider the legal sufficiency of the evidence to support the findings. There is no merit in this appeal.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.