[Civ. No. 4118. Fourth Dist. July 14, 1950.]

JOHN W. TALMADGE et al., Respondents, v. ISABELLE M. MOORE et al., Appellants.

Taylor F. Peterson for Appellants.

Curtis & Curtis for Respondents.

MUSSELL, J.—Action for injunction to enjoin trespass on real property.

Plaintiffs and defendants own adjacent lots in Block 61 in the city of San Bernardino. Both lots front on ''D'' Street (a north and south street) in said city and extend westerly therefrom. Plaintiffs' lot is 250 feet in depth and that of the defendants 300 feet. The center line of the block running west from D Street is the boundary line separating the two properties and the controversy herein involves the location of this line on the ground. Both the complaint and cross-complaint, in describing the properties involved, refer by lot and block to the same common boundary line as separating them.

Plaintiffs brought this action to enjoin alleged actual and threatened trespass on their land by the defendants and the defendants in turn cross-complained to enjoin the plaintiffs from actual and threatened trespass on their land.

It is admitted that the parties own the lands as described in the complaint and cross-complaint and that the taxes have been paid by the parties as their interests appear of record.

The trial court found, among other things, that the parties own the property described in their respective pleadings; that the true boundary line separating the two properties is an east and west line bisecting said Block 61, which line is delineated on the ground by certain iron pipes set in concrete by Charles L. Foulke, a licensed surveyor. Judgment was entered accordingly and the defendants were restrained and enjoined from entering upon the property of the plaintiffs.

From this judgment the defendants appeal, contending that the evidence is insufficient to support the findings of fact

and the judgment; that the boundary line between defendants' property and that of the plaintiffs was established by agreement by the predecessors in interest of the plaintiffs on the one hand and the defendants on the other; that in 1919 a dispute and uncertainty existed as to the location of the boundary line; that a survey was made and the line located by agreement; that the agreement had been acted upon and acquiesced in until February, 1947; that the court erred in failing to find specifically upon the question as to defendants' right to use a driveway alleged to have been used by them for many years. The contention that the evidence is insufficient to support the findings and judgment is without merit.

There is substantial evidence that the parties owned their respective lots for many years but that the location of the boundary line was not actually marked on the ground until February 3, 1947, when Charles L. Foulke, whose qualifications as a licensed surveyor were admitted, made a survey of the property described in the complaint and as a result of such survey, set wooden stakes and later iron pipes along the line which he determined to be a true line dividing the properties. The evidence was sufficient to support the finding of the court that the true boundary line was as found and established by Mr. Foulke.

Defendants claim that in 1919 a dispute and uncertainty existed as to the location of the boundary line; that a survey was made and the line located by agreement; and that the agreement had been made and acquiesced in until February, 1947. However, the testimony of witness William C. Seccombe, a former owner of the property, relied upon to establish these facts, was that, as a prior owner of the property in 1919, he did not know where the line was, and being desirous of building a new fence, he called upon a surveyor to survey the line so that he could erect a fence on it; that the fence was subsequently erected and extended from the rear of his lot to within 60 or 70 feet of the west line of D Street; that an iron stake was driven in the ground at the southeast corner of the lot and that he had a conversation with the defendants prior to building the fence, the substance of which was that the line, as made by the survey, was satisfactory upon which to build it. He testified further that it was his intention to claim "clear up to the true property line, wherever it might be, irrespective of where the fence might be." This testimony indicates that the agreement, if any, between the defendants and Seccombe

was not as to a boundary line but was that the fence, where it was built, was satisfactory. It is apparent that Seccombe intended to claim the full width of his property, regardless of the location of the fence. The field notes of the surveyor employed by Mr. Seccombe were not produced in court and the trial court apparently determined that the line, if any, marked on the ground at the time of the erection of the fence, was not shown to be different from that shown by the Foulke survey.

At most, the testimony produced by defendants merely created a conflict in the evidence. The trial court's findings thereon, under the circumstances presented, are binding upon this court. (*Dillard* v. *McKnight*, 34 Cal.2d 209, 223 [209 P.2d 387]; *Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].)

In support of defendants' contention that the court misapplied the law as to boundaries in the instant case, numerous cases are cited, including *Price* v. *DeReyes*, 161 Cal. 484 [119 P. 893]; *Young* v. *Blakeman*, 153 Cal. 477 [95 P. 888]; *Moniz* v. *Peterman*, 220 Cal. 429 [31 P.2d 353]; *Roberts* v. *Brae*, 5 Cal.2d 356 [54 P.2d 698]; and *Martin* v. *Lopes*, 28 Cal.2d 618 [170 P.2d 881]. These cases hold generally that in order to establish an agreed boundary line, it is necessary to show that there was an uncertainty or belief of uncertainty in the location of the line; that there was an agreement, express or implied, fixing the line; and that there was an actual designation of the line upon the ground and occupation in accordance with such designation. The court found on conflicting evidence that the boundary line had not been established by agreement of the predecessors in interest of the parties; that there was no dispute as to the location of said line. ██ Where, as here, the acquiescence in the fence was as a barrier and not as a boundary line, no agreed boundary line was established. (*Roberts* v. *Brae, supra*, p. 360.) Furthermore, an intention to accept the marked boundary as the true boundary must be shown. (*Martin* v. *Lopes, supra*, p. 636.) In the instant case the testimony of witness Seccombe, plaintiffs' predecessor in interest, was that he intended to claim "clear up to the true property line, wherever it might be, irrespective of where the fence might be." Under such circumstances we cannot hold that there was no substantial evidence to support the court's finding that the boundary line had not been established by agreement.

█ There was no error in failing to find specifically upon the question of the driveway as the judgment of the court did not restrict the defendants in the use of any of the property owned by them, and the description of the property in the answer and cross-complaint does not indicate that the defendants claim any land for a driveway or otherwise beyond the true boundary line between the lots involved.

·The judgment is affirmed.

Barnard, P. J., concurred. .

Appellants' petition for a hearing by the Supreme Court was denied September 11, 1950.