[Civ. No. 21849. Second Dist., Div. Two. Dec. 3, 1956.]

GINA CASS WILCOX, Respondent, v. RUTH REIS et al., Appellants.

514

Richard L. Sieg, Jr., for Appellants.

Goodstein, Moffitt & Rosen and Gerald L. Rosen for Respondent.

MOORE, P. J.—Defendants Ruth and S. G. Reis appeal from a judgment awarding plaintiff 50 per cent of the commission received from the sale of the home of Arturo Rubinstein. Appellants contend that the evidence does not suffice to support the findings.

Respondent was an employee in the real estate office of appellants. She testified that before entering such employment she asked Mrs. Reis what her compensation would be as a real estate saleswoman. "She told me that I would receive 50 per cent of commissions. At that time she told me there had to be a buyer and a seller; no deal was consummated unless there were both, and we would split 50-50." Having accepted appellants' offer, respondent participated in 19 transactions in her capacity as a real estate saleswoman. In some of these transactions she obtained an open listing, in others an exclusive listing, or procured the buyer. In 17 of the transactions she was paid 50 per cent of the commissions obtained by appellants. The two instances wherein she received less than 50 per cent are not in point.* Mrs. Reis testified that on every transaction for which respondent secured the listing and for every transaction on which she had anything to do with the sale, "exclusive of the present case

*One was consummated before she obtained her license to act as a saleswoman; in the other, she obtained neither the buyer nor the seller but merely spent an afternoon as a hostess on the property.

in issue" she received 50 per cent of the commission. This evidence is sufficient to support a finding that the parties agreed to a 50-50 division of all commissions obtained by appellants where respondent had secured the listing, or the buyer or made the sale.

Appellants insist that a "Revised Commission Participation Agreement" governed the commission arrangements between the parties. That agreement set up a schedule of commission participation dependent upon the role each real estate agent played in the ultimate transaction. In other words, a broker would be entitled to 30 per cent for an exclusive listing, a lesser percentage for a nonexclusive listing and a greater percentage if his efforts also procured the buyer. Both respondent and Mrs. Reis testified that a copy of this agreement had been presented to respondent but not signed by her. The latter testified that she immediately told Mrs. Reis that she did not have any intention of being bound by the proposed schedule of commission participation. Furthermore, the subsequent commissions earned by the parties were not shared in accordance with the terms of the proposed agreement. Appellants introduced evidence for the purpose of explaining why respondent was paid 50 per cent of certain commissions instead of the lesser percentages indicated by the proposed agreements. The trial court was not obliged to believe such evidence but adopted the testimony of respondent as the basis of its decision. The finding that the litigants never supplanted their original, oral contract with the "Revised Commission Participation Agreement" is well supported.

As to the disputed transaction, a social acquaintance informed respondent that the Rubinsteins were interested in leasing their home and they might be willing to sell. After respondent and Mrs. Reis had viewed the premises they discussed the prospects of selling the place. Although the testimony is in conflict as to whether respondent suggested the name of the potential buyer, the court found that the home was eventually sold; that appellants were paid a commission of $7,000; that respondent had earned one-half thereof, to wit, $3,500 for her services in effecting the sale. The evidence was substantial in support of the judgment and will not on that account be reversed. (*Olivero* v. *Rosano,* 42 Cal.App.2d 740, 743 [109 P.2d 976].) All conflicts in the evidence must, on appeal, be resolved in favor of respondent. (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689] ; *Drabkin* v. *Bigelow,* 59 Cal.App.2d 68, 74 [138 P.2d 750].)

Because the listing of the Rubenstein property was obtained by respondent, in accordance with the contract of the parties, she was entitled to be paid in accordance with her contract.

Judgment affirmed.

Fox, J., and Ashburn, J., concurred.

A petition for a rehearing was denied December 28, 1956, and appellants' petition for a hearing by the Supreme Court was denied January 30, 1957.