[S. F. No. 14472. In Bank.—January 20, 1933.]

F. W. VOWINCKEL, Appellant, v. N. CLARK & SONS (a Corporation), Respondent.

A. P. Black for Appellant.

John L. McNab and S. C. Wright for Respondent.

PRESTON, J.—Appeal by plaintiff from judgment for defendant. Action in ejectment. This action marks the culmination of a dispute of long standing over the common boundary line of adjoining properties owned by plaintiff and defendant in Alameda County.

Plaintiff, claiming a small strip of land along said boundary, sought to eject defendant therefrom and to recover damages for the alleged trespass upon and withholding thereof. Defendant answered, denying the various allegations of the complaint and alleging that in 1904 plaintiff erected a high fence to mark the true location of the common boundary; that notwithstanding said fence inclosed a part of defendant's property, defendant acquiesced in the location of the line so made and in reliance upon it built substantial structures up to the border.

The evidence shows that these parties deraign title from a common grantor, Benjamin Smith. The property of defendant was deeded by Benjamin Smith to Nehemiah Clark on May 4, 1885, and by the latter to defendant on January 19, 1889. Plaintiff's property was acquired by deed, dated March 17, 1903, from M. E. Russell, a grantee of said Benjamin Smith. The deed to defendant is prior, in point of time, by a number of years, to that of plaintiff. The defendant's point of departure is the west line of a natural monument known as the "old Bowman Ditch"; plaintiff's merely the ditch without naming the exact point thereon. The absolute disappearance of this monument and the difficulty of determining, with any accuracy, its precise location and width, if any, rendered uncertain and conflicting later attempts to survey the tract and determine the boundary in question. Ample evidence, however, was adduced upon the trial of this cause to warrant the court in resolving the conflicting claims in favor of defendant. Among other things, the court found that the greater portion of the above-mentioned high board fence, erected by plaintiff about 1904 as the result of a survey made at his direction, is located on defendant's land, and inclosed a small strip thereof properly belonging to defendant; that nevertheless said fence was accepted by defendant as marking the common boundary line and, by application of the doctrine of acquiescence and estoppel, the parties are now barred from claiming that said bound-

ary is other than as fixed and determined by the location of said fence. Judgment, based upon the above and other findings, which are all supported by competent evidence, followed in favor of defendant. Plaintiff appealed.

The appeal is without merit. Aside from the question of sufficiency of the evidence, which we have already referred to, appellant's sole claim seems to be that the court erred in finding that at the time the fence was erected, a dispute existed over the location of the boundary, which was settled by acceptance of said fence as marking the true line, thus bringing into operation in this cause the doctrines of acquiescence and estoppel. Appellant claims that no dispute as yet existed at the time he had the fence made and his only purpose in erecting it, after survey, was to find and mark where he then believed the true line lay; hence acquiescence and estoppel will not apply. (*Mann* v. *Mann,* 152 Cal. 23 [91 Pac. 994]; *Clapp* v. *Churchill,* 164 Cal. 745 [130 Pac. 1061].)

There is ample evidence that the exact location of the beginning point of the descriptions in each deed is in doubt. There is also evidence that the exact location of appellant's east boundary, which is respondent's west boundary, was in grave doubt. Appellant in 1904, while this uncertainty existed, procured a surveyor to establish the true line and following this survey he erected a pretentious fence along and one inch within the line so established. This fence has ever since remained and although not expressly so doing, respondent impliedly accepted it as marking the true line and has used the property up to that line. These facts seem clearly to warrant the application of the doctrine of estoppel. It is not necessary that the agreement between the parties be an express one. It may be inferred or implied from their conduct, especially where the condition is acquiesced in for the period of the statute of limitations. (9 C. J. 232; *Wheatley* v. *San Francisco,* 169 Cal. 505, 514 [147 Pac. 135].) "A presumption that an agreement formerly was made as to the location of a boundary line may arise from the fact that one or both the adjoining owners have definitely defined such line by erecting a fence or other monument on it and that both have treated the same as fixing the boundary between them for such length of time that neither ought to be allowed

to deny the correctness of its location." (4 R. C. L., p. 129, sec. 70; *Board of Trustees* v. *Miller,* 54 Cal. App. 102, 105 [201 Pac. 952]; *Southern Counties, etc.,* v. *Eden,* 118 Cal. App. 582, 586 [5 Pac. (2d) 654].) The language of *Silva* v. *Azevedo,* 178 Cal. 495, 499 [173 Pac. 929], is particularly applicable. "In this case it is apparent that both Silva and Azevedo, thinking that the line fixed by the surveyor was the true boundary described in the deed, accepted such line as the division between their holdings, built a fence upon it, and occupied and improved up to the fence. We have here not only a continued acquiescence in the line so fixed, and an occupation in accordance with it for a period beyond that fixed by the statute of limitations, but the erection of substantial and permanent improvements upon the disputed piece by the defendant. It would be a manifest injustice to permit him to be ousted now merely because the plaintiffs have, by a new survey, discovered that their predecessor and the defendant were in error in the original establishment of the line. 'If the position of the line always remained to be ascertained by measurement alone, the result would be that it would not be a fixed boundary, but would be subject to change with every new measurement. Such uncertainty and instability in the title to land would be intolerable.' (*Young* v. *Blakeman,* 153 Cal. 477 [95 Pac. 888].)"

The above case also declares the proper distinction between the cause before us and the class of cases relied upon by appellant such as *Lewis* v. *Ogram,* 149 Cal. 505 [87 Pac. 60, 117 Am. St. Rep. 151, 10 L. R. A. (N. S.) 610], *Mann* v. *Mann,* 152 Cal. 23 [91 Pac. 994], and *Clapp* v. *Churchill,* 164 Cal. 741 [130 Pac. 1061]. Of course, agreements of this type cannot be used where the true boundary line is known. Nor does the case of *Staniford* v. *Trombly,* 181 Cal. 372 [186 Pac. 599], apply here. There the fence was arbitrarily located for the convenient use and occupation of the property by the respective parties without any intention of settling a boundary dispute. The court in fact found that (p. 373): "Said fence was not built upon an agreed boundary line between the Riddell tract and the Trombly tract to settle any dispute, uncertainty, or controversy arising over or out of the true location of the dividing line between the said two tracts of land."

But for the purposes of this opinion, if we conceded that the finding above referred to, made in this cause, was open to criticism, yet we would find therein no consolation for appellant. Such error would be nonprejudicial and would afford no ground for reversal of the judgment. The finding could be considered as surplusage in view of the numerous remaining findings which properly uphold the judgment, including a finding which expressly states that if the fence should not be held to mark the boundary line and "said line were truly located in accordance with the exact measurement thereof, the defendant would be entitled to a narrow strip of land now enclosed by the plaintiff within the enclosure formed by said high board fence. . . . " Without the finding complained of, appellant would still be in the position of having failed to prove his own title to the disputed area, to which respondent is more properly entitled. In short, appellant must prevail upon the strength of his own title, not upon the weakness of respondent's and the evidence shows not only that appellant has failed to prove his title to the disputed strip but also that respondent would, but for his acquiescence in said fence, be entitled to a portion of the land within appellant's inclosure.

The judgment is affirmed.

Langdon, J., Curtis, J., Shenk, J., and Waste, C. J., concurred.