[Civ. No. 7519.   Third Dist.   Dec. 8, 1948.]

EDITH GARRETT, Respondent, v. C. W. COOK et al., Appellants.

Floyd Merrill and Whitten Swafford for Appellants.

Buffum & Postlethwaite and E. S. Mitchell for Respondent. ·

THOMPSON, J.—Defendants and cross-complainants have appealed from a judgment quieting title in plaintiff to 640 acres of land in Siskiyou County.

The complaint alleges that plaintiff is the owner and entitled to possession of the real property in said county described as follows:

"All of Section Twenty-seven (27), Township Forty-one (41) North, Range Ten (10) West, Mount Diablo Base and Meridian, containing Six Hundred Forty and no/100 (640) Acres more or less."

The second amended answer denies the material allegations of the complaint and affirmatively alleges the filing of three mining claims in Section 28, adjoining plaintiff's land on the west, in June, 1930. The answer definitely alleges that said mining claims are located wholly within Section 28 of said township and range, and not in Section 27, to which plaintiff claims title. The answer further alleges that the boundary line between said Sections 27 and 28 "as originally surveyed was uncertain and unknown to plaintiff's predecessor in interest and to defendants," and that it was agreed between them that the mining claims were located "*without the exterior boundaries* of said section 27." The answer also alleges that defendants located and "continued to occupy and improve said mining claims and did expend in excess of $20,000 work-

ing and improving the same,'' with the knowledge of plaintiff's predecessors in interest. The answer prays that plaintiff take nothing by her cause of action.

At the time of filing said second amended answer defendants filed a cross-complaint, also alleging the filing of said mining claims in Section 28, since which time, it is alleged, the defendants ''have been in open, notorious and exclusive possession *of said mining claims* adverse to the plaintiff.'' The cross-complaint then alleges that, ''without objection'' the defendants ''proceeded to occupy and improve and expend large sums of money in developing and improving said possessory mining claims.'' It is then asserted the plaintiff claims some interest in the land upon which said mining claims are located. The cross-complaint prays for a decree quieting title to said mining claims in the defendants.

A demurrer to the second amended answer was overruled. Plaintiff's demurrer to the cross-complaint was sustained, and defendants were granted 10 days in which to amend that pleading. They failed to amend the cross-complaint. Upon trial of the issues raised by the complaint and amended answer, the court adopted findings favorable to the plaintiff. The court determined that plaintiff was the owner and entitled to possession and to a decree quieting title to all of Section 27, described in the complaint; that all of the allegations of the complaint were true, and that the allegations of the amended answer in conflict therewith were untrue. Judgment was rendered accordingly, quieting title to the land described in the complaint, in plaintiff, and determining that defendants have no right, title or interest in any portion thereof. From that judgment the defendants appealed.

The appellants contend that the findings and judgment are not supported by the evidence, and that the court erred in sustaining the demurrer to the cross-complaint.

We are satisfied the findings and judgment are adequately supported by the evidence. The defendants adduced no evidence in support of the allegations of their amended answer, or at all. They did, however, appear with counsel and cross-examine plaintiff's witnesses. The only controversy at the trial was over the question of the accuracy of the boundary line between Sections 27 and 28, determined by the surveyor who was employed by plaintiff to ascertain and locate the government monuments and to run the exterior lines of plaintiff's real property, consisting of the entire Section 27 in

Township 41 north, Range 10 west, M.D.B. & M., in Siskiyou County.

The evidence shows without conflict that a patent to the tract of land in Siskiyou County, including said Section 27, was issued in 1894 by the United States to the Southern Pacific Railroad Company, and deeded to the Central Pacific Railroad Company, and thence to plaintiff, September 11, 1944. Mr. Albert F. Parrott, a qualified civil engineer and surveyor, was employed by plaintiff and surveyed the land in question in July, 1945. From the data thus secured he prepared the map and plat of the land, which was received in evidence. He testified that in surveying plaintiff's Section 27, and in preparation of the map or plat of that vicinity which was received in evidence, he followed strictly the government field notes, a copy of which he had in his possession. A certified copy of those field notes was received in evidence. He said that he located the original government monument at the northwest corner of the northeast quarter of Section 21, together with two designated witness trees, one of which was a 36-inch spruce tree. That monument was marked in accordance with the government field notes, "1/4 S.B.T." The government survey was made in 1882. Starting from that definite existing government quarter section corner monument he correctly located the common corner between Sections 21, 22, 27 and 28, and surveyed and accurately located the border lines of Section 27, as they appear on the map or plat in evidence. He stated that his survey and description of the land was correct. He testified on cross-examination in that regard:

"Q. . . . Is that the official map from which you made this survey? A. Well, I didn't have any map; just the field notes. . . . Well, I had a map in my office. Q. And you didn't have that map at the time you made the survey? A. No. Q. Or you had no other map or plat at the time you made the survey, but you had some field notes? A. Yes. Q. Which you later checked with the official Government field notes? A. Yes. Q. And did you make a thorough check of those? A. Yes. Q. Did they correspond in every respect? A. Yes."

The boundary line between plaintiff's land on the west, and the easterly line of Section 28, upon which defendants alleged that they filed their mining claims, was definitely located. The surveyor testified that he saw and located defendants' cabins on the plaintiff's land in Section 27, about 350 feet easterly from those adjoining section lines. But the

ownership of those cabins was not made an issue by the pleadings, nor specifically determined by the findings. That circumstance is immaterial to the determination of this case. There was no other evidence of defendants' alleged adverse possession of plaintiff's land.

The defendants called no witness, and offered no documentary evidence to rebut the foregoing evidence of the accuracy of the survey of plaintiff's land. The plaintiff made no claim to any interest in Section 28. We must, therefore, assume the surveyed description of that land is correct, and that the findings and judgment quieting title to Section 27 in plaintiff is adequately supported by the evidence. (*Kirby* v. *Potter*, 138 Cal. 686 [72 P. 338].)

It is true that in a suit to quiet title to real property the plaintiff must ordinarily rely upon the strength of his own title. (*Williams* v. *City of San Pedro*, 153 Cal. 44 [94 P. 234] ; *Oaks* v. *Renshaw*, 74 Cal.App.2d 144, 147 [168 P.2d 199] ; 22 Cal.Jur. § 58, p. 190.) But that test was fully met in the present suit.

There are neither adequate allegations nor proof of title by acquiescence or agreement with respect to the boundary line between Sections 27 and 28. All that the amended answer alleges in that regard is that the original boundary line "was uncertain," and that it was agreed the *"mining claims . . . were without the exterior boundaries* of said Section 27."

There was no allegation that a definite boundary line between those sections was agreed upon, or where it was located, or that, in reliance upon an agreement, defendants constructed improvements to such an agreed line. The cabins, which appear to be on plaintiff's Section 27, were not mentioned in the pleadings. The plaintiff claims no interest in any part of Section 28. The only issue at the trial was the location of the true boundary line between Sections 27 and 28.

It has been said the boundary line between adjoining property lines is not unknown or uncertain when an accurate description thereof may be ascertained from fixed existing government monuments and field notes. (*Pedersen* v. *Reynolds*, 31 Cal.App.2d 18, 25 [87 P.2d 51] ; *Clapp* v. *Churchill*, 164 Cal. 741 [130 P. 1061] ; *Oaks* v. *Renshaw, supra*.) In the Pedersen case, *supra*, it is said at page 25 in that regard:

". . . It may not be said a boundary line is unknown when the descriptions in the deeds are certain and accurate and the evidence is readily available from the government

monuments, field notes and fixed corners in the immediate neighborhood, from which to ascertain the true line.''

Moreover, the boundary line acquiesced in by adjoining property owners must be specified, definite and certain. The agreement is not controlling if that line is left indefinite, uncertain or speculative. Mere acquiescence in an undetermined and unspecified line, without evidence of an agreement to a particular designated line, is insufficient upon which to base title by acquiescence. (*Dauberman* v. *Grant,* 198 Cal. 586, 592 [246 P. 319, 48 A.L.R. 1244] ; *Martin* v. *Lopes,* 28 Cal.2d 618, 626 [170 P.2d 881] ; *Quinn* v. *Windmiller,* 67 Cal. 461, 464 [8 P. 14] ; *Johnson* v. *Buck,* 7 Cal.App.2d 197, 202 [46 P.2d 771] ; *Ross* v. *Burkhard Inv. Co.,* 90 Cal.App. 201, 208 [265 P. 982] ; 4 Cal.Jur. § 56, p. 432; 8 Am.Jur. § 80, p. 803; note, 69 A.L.R. 1505.)

The rule with respect to the necessity of locating and designating the boundary line between coterminous property owners, which is intended to become their dividing line by such agreement, is stated in *Price* v. *DeReyes,* 161 Cal. 484 [119 P. 893], which quotes with approval from *Young* v. *Blakeman,* 153 Cal. 477, 481 [95 P. 888], as follows:

'' 'When such owners, being uncertain of the true position of the boundary so described, agree upon its true location, mark it upon the ground, or build up to it, occupy on each side up to the place thus fixed and acquiesce in such location for a period equal to the statute of limitations, or under such circumstances that substantial loss would be caused by a change of its position, such line becomes in law, the true line called for by the respective descriptions, regardless of the accuracy of the agreed location, as it may appear by subsequent measurements.' And again, to this effect: 'The line so agreed on becomes in legal effect the true line, the agreement as to the line may be in parol and it does not operate to convey title to the land which may lie between the agreed line and the true line, but it fixes the line itself and the description carries title up to the agreed line regardless of its accuracy; . . . .' ''

In the present case the defendants neither pleaded nor proved that any designated boundary line between Sections 27 and 28 was ever agreed upon by the parties. The defendants offered no evidence to show what improvements they made on Section 28, or where they were located. There is neither adequate allegations, nor proof in this case, to support defendants' theory of a located boundary line acquiesced in by

the adjacent property owners. It is apparent that if specific findings had been adopted on that asserted issue, they would have been adverse to the defendants.

For the foregoing reasons there is no support of the evidence to uphold defendants' suggested doctrine of equitable estoppel. The burden rests upon one who relies upon equitable estoppel as a defense to an action to quiet title to satisfactorily prove all of the necessary elements of his alleged claim in that regard. (*Oaks* v. *Renshaw, supra*; 10 Cal.Jur. § 31, p. 656; 31 C.J.S. § 160, p. 454.) The defendants offered no evidence in this case of equitable estoppel.

We are of the opinion the court did not err in sustaining plaintiff's demurrer to the amended cross-complaint, with leave to amend, on the ground that it fails to state facts sufficient to constitute a cause of action. The amended cross-complaint first alleges that the cross-complainants, who are also the defendants in this case, filed on certain mining claims in June, 1930, in Siskiyou County, and that they are the owners and entitled to possession thereof. It fails to state that any of said claims are a part of Section 27, to which plaintiff, in her complaint, claimed title and to which she sought to quiet title. Indeed, the answer to the complaint alleges the filing of said identical claims, and affirmatively alleges that they are wholly within Section 28, and that no part of them is within Section 27. The cross-complainants claim no interest in any part of Section 27. There are no allegations in the cross-complaint from which it appears that defendants' mining claims are incidental to or affected by plaintiff's claim of title to Section 27. They are entirely foreign to the subject matter involved in plaintiff's suit to quiet title to Section 27. The cross-complaint was therefore unauthorized and improperly filed. (Code Civ. Proc. § 442; *McFarland* v. *Matthai*, 7 Cal.App. 599 [95 P. 179] ; 22 Cal. Jur. § 37, p. 160.) In the McFarland case, which was a suit for possession of real property, the defendant filed a cross-complaint asking for affirmative relief with respect to property other than that which was involved in the complaint. Judgment was rendered for the plaintiff. The judgment was affirmed on appeal. The court said:

". . . The land concerning which complaint is made by defendants in their so-called 'cross-complaint' is not the land referred to in plaintiff's complaint. The affirmative matters set out by defendant in no sense constituted a cross-complaint. [Citing authorities.] The affirmative relief sought by the pur-

ported cross-complaint does not relate to or depend upon 'the contract or transaction upon which the action is brought,' or does not affect 'the property to which the action relates.' ''

In paragraph II of the cross-complaint the defendants merely allege that they have been in ''open, notorious and exclusive possession *of said mining claims* adverse to the plaintiff'' since the time of filing on said claims. There is no allegation that they had adverse possession of any portion of Section 27, which is the only land involved in the complaint to quiet title. The effort to state a cause of action in the cross-complaint based on adverse possession is entirely foreign to the subject matter involved in the complaint to quiet title, and is therefore not authorized by section 442 of the Code of Civil Procedure.

We therefore conclude that the court properly sustained plaintiff's demurrer to the cross-complaint.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 3, 1949.