[Civ. No. 5043.   Fourth Dist.   Sept. 23, 1955.]

EUNICE WILLIAMS, Appellant, v. ALVIN S. BARNETT et al., Respondents.

William P. Webb and Webb & Lae for Appellant.

Bewley, Knoop & Lassleben for Respondents.

SHELL, J. pro tem.*—Four separate causes of action were set up by plaintiff's complaint, the first for a decree quieting title to certain land and the other three for the recovery of certain sums of money. Pursuant to an oral stipulation entered into in open court, judgment was to be entered on the second and third causes of action in favor of the party or parties who might prevail on the first cause of action, and, in any event, in favor of the plaintiff on the fourth cause of action. Judgment was entered in favor of defendants Alvin S. Barnett and Sina J. Barnett, upon the first cause of action, and pursuant to the stipulation, upon the second and third causes of action and in favor of plaintiff on the

---

*Assigned by Chairman of Judicial Council.

fourth cause of action. Plaintiff presented a motion for a new trial, that motion was denied, and plaintiff appeals from the judgment on the first three causes of action.

By its judgment the trial court decreed that defendant Alvin S. Barnett is the owner and entitled to the possession of the land described in the complaint, as follows:

All that certain land situated in the Rancho San Juan Cajon de Santa Ana, County of Orange, State of California, described as follows:

The West 25.15 feet of the East 298.33 feet of Lot 13 of "Anaheim Extension," as shown on a map made by William Hamel and filed in the office of the County Recorder of Los Angeles County, California; excepting therefrom the South 176.75 feet.

The trial court also decreed that plaintiff Eunice Williams is not now and never was the owner or entitled to the possession of said land, or any part thereof, and that said plaintiff has no right, title, interest or estate in or to said land, or any part thereof.

Appellant urges that the evidence is insufficient to support the judgment. She specifically disclaims any contention that the evidence establishes any prescriptive title in her to the disputed strip of property.

An appellate court must accept as true the evidence most favorable and discard that unfavorable to the respondent. If the evidence so viewed is sufficient as a matter of law, the judgment must be affirmed. (*Estate of Teel*, 25 Cal.2d 520, 527 [154 P.2d 384].)

From the evidence as shown by the record herein, the trial court would have been justified in believing the following facts to have been established by a preponderance of the evidence. In 1868, when what is now Orange County was a part of Los Angeles County, one William Hamel surveyed and made a map of the entire area in which this particular property was included. The area so surveyed by Hamel was designated as "The Anaheim Extension." The Hamel map was recorded in the office of the county recorder of Los Angeles County and subsequently an authenticated copy thereof was filed in the office of the county recorder of Orange County.

The deeds under which appellant and respondent herein acquired title to their respective properties each refer to the Hamel map. In neither instance was the land described by metes and bounds or by reference to any map other than

the Hamel map. Appellant's deed covers the East 10 acres of Lot 13 and the East 10 feet of the West 20 acres of the East 30 acres of said Lot 13. Respondents' deed covers the West 20 acres of the East 30 acres, except the East 10 feet thereof. In each of said deeds an exclusion of an area at the southern extension of the land conveyed is made. The excluded area is in other ownership and such excluded area is of no importance here.

In January, 1953, Stephen W. Bradford, a licensed surveyor, made a resurvey of Lots 12, 13 and 14 of The Anaheim Extension. At the trial of this action Mr. Bradford was called as a witness on behalf of the appellant. Mr. Bradford established the datum points for his survey by reference to the Hamel map and other maps in the offices of the City Engineer of Anaheim and the County Recorder of Orange County. He found two iron bolts marking the intersections of the center lines of Santa Ana Street and East South Street with the center line of Placentia Avenue, thus definitely establishing the northeast and southeast corners of the area embraced within Lots 12, 13 and 14 and thereby established the east boundary line of said area. He also established the northwest and southwest corners of the same area by reference to the same and other maps and data.

Mr. Bradford prepared a plat of his survey. It is in evidence as plaintiff's Exhibit "4." In making his survey, Bradford found a 1½-inch iron pipe in the ground 24.75 feet south of the center line of Santa Ana Street and 25.15 feet west of the west line of the area indicated on his plat as an area of 10 acres plus 10 feet. He also found a 4″ x 4″ redwood stake 24.75 feet north of the center line of East South Street at approximately the same distance west of the west line of the 10 acres plus 10 feet. Neither the iron post nor the redwood post bore any surveyor's identification marks. They appeared to be surveyor's markers. Mr. Bradford drew on his plat a broken line from north to south between these two markers and designated this line as "Line of Occupation," indicating that line to be 1,477.85 feet in length. These markers probably had been in place for a period of from 30 to 40 years. Mr. Bradford found no other posts or markers along the "Line of Occupation." The evidence does not establish who installed these markers.

Mr. Bradford found that the area which he marked on his plat as the property of appellant, comprised the 10 acres plus 10 feet called for by her deed and that the additional

width of 25.15 feet described by the complaint and computed by him to comprise an additional .85 acre was not necessary to comprise the 10 acre plus 10 feet called for and described in appellant's deed.

About 5 or 6 feet west of the "Line of Occupation," as shown by the Bradford plat, Bradford found a eucalyptus windbreak. This windbreak was not claimed by either party to mark a boundary line. He also found that the western part of appellant's garage was on the strip of land in dispute, and that appellant's driveway to her garage ran from north to south within said strip for about 150 feet. He found no fence on or near the "Line of Occupation." He found cultivated orange trees on both sides of the line of occupation and of the eucalyptus windbreak.

We believe that from the facts recited hereinbefore the trial court was justified in drawing the following conclusions: That the 1½-inch iron pipe found at the north end and the 4" x 4" redwood stake found at the south end of Bradford's "Line of Occupation" were not set by Hamel, but were set 45 to 50 years after the 1868 Hamel survey by a person or persons unknown; that the line drawn by Bradford as "Line of Occupation" did not purport to mark the true west line of appellant's property; that neither the cultivation by appellant of a part of the disputed strip nor the location of a part of appellant's garage and appellant's driveway thereon established exclusive possession by her of said strip; that the said "Line of Occupation" was not definitely marked by fence or otherwise; that the true west boundary line of appellant's property was definitely established by Bradford as 25.15 feet east of Bradford's "Line of Occupation," as shown by his plat; that no real uncertainty existed as to said true boundary line; that if any uncertainty had existed as to said true boundary line, such uncertainty was readily resolvable, and in fact was resolved by Bradford's survey; that there was, in fact no agreement, express or implied between the parties fixing a boundary line other than the true boundary line.

■ If there is substantial evidence in the record which supports the judgment, the judgment should not be reversed because of insufficiency of the evidence. ■ All questions as to preponderance of the evidence and conflict of evidence are for the trial court. (*Beeler* v. *American Trust Co.*, 24 Cal.2d 1, 7 [147 P.2d 583]; *Viner* v. *Untrecht*, 26 Cal.2d 261, 271 [158 P.2d 3]; *Hicks* v. *Ocean Shore R., Inc.*, 18 Cal.2d 773

[117 P.2d 850]; *Tupman* v. *Haberkern*, 208 Cal. 256 [280 P. 970].)

▮ Each party in the trial court is entitled to the same benefit from evidence that favors his cause or defense when produced by his adversary as when produced by himself. (*Long* v. *Standard Oil Co.*, 92 Cal.App.2d 455, 462 [207 P.2d 837].) Hence, respondent was entitled to rest his case upon the favorable testimony of Bradford, the appellant's witness.

▮ The doctrine of our law that coterminous owners may by agreement, implied from acquiescence, establish and fix their mutual boundary line, is applicable only where the true line is otherwise unknown or uncertain. ▮ There is no occasion for asserting that a boundary has been established by agreement, unless the description in the conveyance in reality designates a different boundary. (*Mello* v. *Weaver*, 36 Cal.2d 456, 462 [224 P.2d 691].) "Of course, agreements of this type cannot be used where the true boundary line is known." (*Vowinckel* v. *N. Clark & Sons*, 217 Cal. 258, 261 [18 P.2d 58].)

▮ The owner of property must be presumed to have been familiar with the terms of the instrument which constituted his muniment of title. If he did not actually know the extent of his property and had the means of knowledge within reach, he would not be heard to say that a fence was located upon an accepted division line. (*Janke* v. *McMahon*, 21 Cal. App. 781, 788 [133 P. 21].)

▮ Where there is an acquiescence in a wrong boundary, when the true boundary may be ascertained by the deed, it is treated both in law and equity as a mistake, and neither party is estopped from claiming to the true line. ▮ The boundary is considered definite and certain when by survey it can be made certain from the deed. (*Janke* v. *McMahon*, *supra*, 21 Cal.App. 781, 788.)

▮ A requisite to make applicable the doctrine of agreed boundary line is that the line acquiesced in by adjoining property owners must be specified, definite and certain. The agreement is not controlling if that line is left indefinite, uncertain or speculative. (*Garrett* v. *Cook*, 89 Cal.App.2d 98, 103 [200 P.2d 21].)

Appellant and respondents are in agreement upon the principle that resurveys in no way affect titles taken under a prior survey.

▮ In a quiet title action the plaintiff may recover only upon the strength of his own title and not upon the weakness of defendant's title. (*Helvey* v. *Sax*, 38 Cal.2d 21, 23 [237

P.2d 269]; *Denman* v. *Smith*, 14 Cal.2d 752, 758 [97 P.2d 451]; *Vowinckel* v. *N. Clark & Sons, supra*, 217 Cal. 258, 262; *Swann* v. *Carson*, 56 Cal.App.2d 502, 504 [132 P.2d 863].) The judgment is affirmed.

Griffin, Acting P. J., and Mussell, J., concurred.