[Civ. No. 8887.   Third Dist.   Nov. 28, 1956.]

MADERA SCHOOL DISTRICT OF MADERA COUNTY, Appellant, v. M. MAGGIORINI et al., Respondents.

Coffee & Wolfe, Everett L. Coffee and Lester J. Gendron, District Attorney (Madera), for Appellant.

Matt Goldstein for Respondents.

SCHOTTKY, J.—The Madera School District commenced an action to quiet its title to Lots 19 and 20 of Lankershim

Colony. Mrs. Marcella Maggiorini acquired Lot 21 of the Lankershim Tract in 1921. Her deed described the property by lot number, not by metes and bounds. She held title until 1953 when at the time of distribution of her estate Lot 21 was devised to respondent Walter Maggiorini. The school district in 1948, by purchase from a Mr. and Mrs. Gann, acquired Lots 19 and 20 which are adjacent to and lie west of Lot 21. They had acquired the property in 1946 from a Mrs. Baratta who had acquired title to the property in 1936. Mrs. Baratta had rented the property from 1924 to 1936.

After the property was acquired by the school district, it had the property surveyed. The surveyor testified that the survey established that a barbed wire fence which was erected as a barrier between the lots was within the east boundary of Lots 19 and 20. After discovering that an encroachment existed the school district brought suit to quiet title. Respondents defended the action on the ground that the fence which had been in existence for over 20 years indicated a boundary which had been established by agreement, and also claimed the property under the doctrine of adverse possession.

The trial court found that the fence indicated a boundary line which had been established between the property owned by the school district and respondent, and that the property was owned by the respondent. The court also found for respondent on the issue of adverse possession.

Judgment was entered that plaintiff take nothing by reason of its complaint and that defendant Walter Maggiorini have judgment upon his cross-complaint that the line of the fence be fixed as the boundary line between Lots 21 and 20.

Plaintiff, school district, has appealed from said judgment and attacks the finding of the court that there was an agreement and acquiescence as to the boundary which the fence indicated. The school district does not question the doctrine that a boundary may be established by acquiescence and agreement, but it claims that where the true line can be ascertained by reference to a recorded map there can be no doubt as to the true line and, therefore, the doctrine that a boundary may be determined by acquiescence may not be invoked. ■ There is authority for the proposition that a boundary line is not unknown when descriptions in a deed are certain and the evidence is readily available from which the true boundary can be ascertained. (*Williams* v. *Barnett*, 135 Cal.App.2d 607 [287 P.2d 789] ; *Garrett* v. *Cook*, 89 Cal. App.2d 98 [200 P.2d 21].)

■ However in the instant case there was evidence in the record which indicated the true line was not described in the recorded map of Lankershim Colony. The map did not show the true measurement of each lot. The lots were numbered on the recorded map. There were no monuments to show the dividing line for each lot except the fence. The surveyor in making his survey gave equal size to each lot. The recorded map did not indicate the size of each. No monuments, except the fence, indicated the boundary lines of each lot. The deeds of the grantees only indicated the lots by number. These facts are sufficient to sustain a finding that there was uncertainty as to the boundary line.

Some California cases contain language indicating that:

". . . The fact that an accurate survey is possible is not conclusive of the question whether a doubt existed as to the location of a common boundary. Thus the doubt may arise from a believed uncertainty which may be proved by direct evidence or inferred from the circumstances surrounding the parties at the time the agreement is deemed to have been made . . . ; and if in good faith the parties resolve their doubt by the practical location of the common boundary it will be considered the boundary called for by the deed." (*Mello* v. *Weaver,* 36 Cal.2d 456, 460 [224 P.2d 691].)

In *Martin* v. *Lopes,* 28 Cal.2d 618 [170 P.2d 881], the statement is made that in order to invoke the doctrine of agreed boundaries all that need be shown is lack of knowledge by both parties of where the line should be drawn.

■ As to the finding that the fence was agreed upon and acquiesced in as the boundary line there was evidence that the fence was in existence for over 40 years. The property was cultivated up to the fence by both adjoining landowners. We think this is sufficient evidence to support the finding.

In *Hannah* v. *Pogue,* 23 Cal.2d 849 [147 P.2d 572], the trial court held that the boundary between the land of plaintiff and defendant was an old fence. In affirming the judgment the Supreme Court said at pages 856 and 857:

■ ". . . It is the rule, however, that the court may infer that there was such an agreement ensuing from uncertainty or a dispute, from the long-standing acceptance of a fence as a boundary between the lands of two owners. [Citing cases.]

"Mrs. Hannah testified that the fence was in existence when her husband acquired the property, that it remained standing down to the time of the trial, and that she believed

it marked the boundary until she learned that defendant Pogue had employed a surveyor to determine the boundary. This testimony establishes her acceptance of the fence as the boundary, in all likelihood reflecting the belief of her husband and former owners on the other side of the fence. She also testified that she knew of no agreement that the fence should constitute the boundary. This testimony does not necessarily rebut the inference that there was such an agreement, however, for the inference may be made that an agreement was inherent in the long-standing acceptance of the fence as the boundary.''

No other points raised require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.