Filed 5/17/24  Garcia v. Vargas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| KAYTLIN GARCIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALVA NELIDA VARGAS,<br><br>    Defendant and Appellant. | H051048<br>(Santa Clara County<br> Super. Ct. No. 23DV000130) |

Representing herself, Alva Nelida Vargas appeals from a three-year domestic violence restraining order brought by Vargas's adult granddaughter, Kaytlin Garcia. Vargas contends there is no evidence to support the issuance of the restraining order and maintains that the trial judge "completely dismissed" her testimony.  Garcia has not appeared in this appeal or filed a respondent's brief.  Consequently, we decide the appeal based on the record and the opening brief.[1]  (Cal. Rules of Court, rule 8.220.)

For the reasons explained below, we affirm the trial court's order.

---

[1] Vargas has waived oral argument in this matter.

## I. FACTS AND PROCEDURAL BACKGROUND[2]

Vargas is a 72-year-old grandmother and great-grandmother. In late February 2023, Vargas's granddaughter, Garcia, filed a request for domestic violence restraining order against Vargas. Garcia's request for restraining order is not included in the record on appeal.

According to the information contained in Vargas's briefing,[3] Garcia named her two minor children, then ages five and three, as protected persons.[4] Garcia responded affirmatively to questions in the request for restraining order form (DV-100) and described two different ways that Vargas allegedly caused her (Garcia) emotional or physical harm. The alleged conduct included Vargas returning to the house intoxicated, waking up and scaring Garcia's children, and going into the children's bedrooms without supervision despite being asked many times not to do so. The request, as reflected in Vargas's brief and the excerpted document, alleged that certain transgressions occurred "frequent[ly]," others "2-5 times," and further that Vargas "constantly threaten[ed] to take [the children] away when she moves out of state."

---

[2] This summary is drawn from Vargas's opening brief on appeal and the limited clerk's transcript. The clerk's transcript consists only of the register of actions in the trial court, the trial court's restraining order after hearing, a handwritten note signed "Anonymous" containing allegations about Garcia, a copy of a complaint filed by Vargas with the Gilroy Police Department, and the notice designating the record on appeal. Although Vargas has included several additional documents with her appellant's opening brief, those documents are not part of the normal record on appeal. (See Cal. Rules of Court, rule 8.120.) We consider them to be informational only, as discussed *post* in footnote 3.

[3] Although a copy of the request for restraining order does not appear in the record on appeal, Vargas has included an excerpt of what appears to be Garcia's request for restraining order as part of her opening brief. Vargas also describes and quotes certain statements from the request in her brief. We refer to Vargas's description of the request for restraining order to provide background for the issues raised on appeal.

[4] To protect the personal privacy interests of the children, we do not use their names. (Cal. Rules of Court, rule 8.90(b)(1).)

According to the register of actions, the trial court "partly granted" the requested temporary restraining order on March 16, 2023, and set a hearing date.[5]

On April 28, 2023, the trial court issued a minute order and the restraining order after hearing (restraining order). The restraining order indicates only the restrained person (Vargas), the protected persons (Garcia and the children), and the date on which the order expires (April 28, 2026). The restraining order prohibits Vargas from abusing (harassing or disturbing the peace) or having any contact with the protected persons. It also imposes a stay away order requiring Vargas to maintain 300 yards of distance from the protected parties. The minute order is not included in the record on appeal, and Vargas elected in the trial court to proceed without a record of the oral proceedings.

Vargas timely appealed from the restraining order. A restraining order is appealable as an order granting an injunction. (Code Civ. Proc., § 904.1, subd. (a)(6); *In re Marriage of Carlisle* (2021) 60 Cal.App.5th 244, 255.)

## II.  DISCUSSION

Vargas challenges the restraining order on several grounds. She contends that Garcia "presented 'no evidence' " to the trial court that she (Vargas) had abused the children. Vargas argues that Garcia presented only unsubstantiated accusations and fabricated evidence. She asserts there is no evidence that Garcia ever called the police despite claiming that Vargas engaged multiple times in abusive conduct. Vargas also contends that the trial court did not allow her to present evidence—namely a letter Vargas

---

[5] Vargas asserts in her opening brief that the trial court "[d]enied pending hearing" Garcia's requests for a temporary stay away order and order to move out of the residence where Vargas was living together with her daughter, granddaughter, and the children, and attaches what appears to be an incomplete copy of the temporary restraining order form (DV-110). The form appended to the opening brief contains a stamp and notation "[d]enied until the hearing" on those sections pertaining to the stay away and move out orders, but the initial pages of the standard DV-110 form, including the section titled "Order to Not Abuse," are missing. From the information contained in the register of actions, we infer the trial court granted this part of the temporary restraining order.

had written to her older granddaughter documenting her concerns about Garcia but signed "Anonymous" because she knew Garcia "has a temper and [has] gotten aggressive" in the past. Vargas maintains that the request for restraining order was merely a ploy by Garcia to have Vargas removed as quickly as possible from the shared residence "so she [Garcia] could move-in her estranged husband."

Under the Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq.), a court may issue a restraining order to prevent acts of abuse and "provide for a separation of the persons involved." (*Id*., § 6220.) A court may issue an order upon "reasonable proof of a past act or acts of abuse" and "based solely on the affidavit or testimony of the person requesting the restraining order." (*Id*., § 6300, subd. (a).) Abuse includes "harassing . . . or disturbing the peace of the other party." (*Id*., §§ 6320, subd. (a), 6203, subd. (a)(4).) " '[D]isturbing the peace' " means "conduct that, based on the totality of the circumstances, destroys the mental or emotional calm of the other party." (*Id*., § 6320, subd. (c); see *In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1497.)

We review the grant of a DVPA restraining order for abuse of discretion, and, to the extent we are called upon to review the trial court's factual findings, we apply the substantial evidence standard of review. (*Curcio v. Pels* (2020) 47 Cal.App.5th 1, 12 (*Curcio*); *In re Marriage of Davila and Mejia* (2018) 29 Cal.App.5th 220, 226.) " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' " (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420.)

In her briefing, Vargas does not reference the burden of proof that applies to a restraining order. She asserts, citing Evidence Code section 115, that Garcia had to submit " 'clear and convincing proof, or [] proof beyond a reasonable doubt.' " However, the burden of proof for a restraining order under the DVPA is preponderance

4

of the evidence. (*Curcio*, *supra*, 47 Cal.App.5th at p. 11.) This is consistent with Evidence Code section 115, which states that "[e]xcept as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence."

Vargas makes requests of this court that it cannot fulfill in the absence of an adequate record on appeal. The general rule of appellate review is that a reviewing court examines the correctness of a judgment or order based on a record of those matters that were before the trial court. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) Therefore, the appellate court will only consider matters that were part of the record before the trial court and will disregard statements of fact or factual assertions that are not supported by reference to the trial court record. (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947.) Vargas, although self-represented, must follow these rules. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

Appellate courts are also required, under the principles of appellate review, to presume the trial court's order was correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).) As the appellant, Vargas must show error based on the documents from the trial court that she has provided as part of the record on appeal. (*Id.* at p. 609; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) Since Vargas is proceeding without a reporter's transcript of the trial court proceedings (or there was no court reporter present) and has not requested a suitable substitute, such as a settled statement,[6] we are unable to evaluate her claims on appeal that Garcia offered only hearsay and unsubstantiated accusations against Vargas. The clerk's transcript consists of a few filings and the

---

[6] A settled statement is a summary of the trial court proceedings approved by the trial court, which an appellant may elect to use if the designated oral proceedings in the trial court were not reported by a court reporter. (Cal. Rules of Court, rule 8.137(b)(1).) A party has the right to request a settled statement, which summarizes the relevant proceeding in the trial court, or to request a statement of decision, in which the trial court explains the basis for its ruling. (See *ibid*. [procedure for obtaining a settled statement]; Code Civ. Proc., § 632 [procedure for obtaining a statement of decision].)

restraining order. Without a complete record of the arguments or any evidence before the trial court at the hearing on Garcia's request, this court cannot conduct a meaningful review of the court's order and must deny the appeal on that basis. (*Jameson*, at p. 609.) As our Supreme Court has explained, "the absence of a court reporter at trial court proceedings and the resulting lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court." (*Id*. at p. 608.)

Furthermore, even assuming an adequate record for review, Vargas has failed to support her contentions on appeal with argument and citation to authority that demonstrates prejudicial error warranting reversal. (See *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 276–277 (*Hernandez*).) " '[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' [Citation.] . . . We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' " (*Id*. at p. 277.)

Vargas maintains that Garcia's statements on the DV-100 form requesting the restraining order are " 'fabricated' " and asserts that Garcia provided "no evidence" to the trial court to support her claims. Vargas cites the Judicial Council of California Civil Jury Instruction, CACI No. 200, and argues that the trial court did not apply the standard requiring proof that the allegations are "more than likely true than not true." (Capitalization omitted.) Vargas further asserts that Garcia committed perjury, citing to the federal perjury statute,[7] and relied on hearsay, citing Evidence Code section 200 (hearsay). She maintains that the court at the same time "completely dismissed" her

---

**[7]** Vargas cites "18 U[.]S. Code § 162," presumably intending to reference the federal perjury statute which is set forth at 18 United States Code section 1621. California law defines perjury in Penal Code section 118.

testimony and did not allow her to read the anonymous letter she had written to her older granddaughter outlining her concerns about Garcia.

Vargas does not support each claim of error with meaningful analysis of the applicable law governing the grant of a restraining order under the DVPA. The definition of abuse under the DVPA broadly protects an individual from annoying and harassing behavior "in the same way as physical abuse." (*Perez v. Torres-Hernandez* (2016) 1 Cal.App.5th 389, 398; see Fam. Code, § 6203, subd. (b).) Thus, behavior that may be enjoined under Family Code section 6320 "includes 'disturbing the peace of the other party' ([Fam. Code,] § 6320, subd. (a)), which 'may be properly understood as conduct that destroys [another's] mental or emotional calm.' " (*Curcio*, *supra*, 47 Cal.App.5th at p. 11.) In her briefing in this court, Vargas does not explain or demonstrate how Garcia's statements and allegations concerning Vargas's alleged conduct constituted perjury or hearsay, nor does she address in what way Garcia's allegations and evidence at trial were insufficient to support a finding of abuse by the trial court under the DVPA. Absent record support for Vargas's contentions that the trial court relied improperly on inadmissible hearsay evidence and/or issued the restraining order despite the lack of any evidence in support of Garcia's restraining order request, Vargas's arguments must be deemed conclusory and lacking legal or factual support in the record.

Vargas's arguments imply that the trial court erroneously accepted Garcia's testimony while dismissing Vargas's testimony. She also asserts that the trial court refused her request at the hearing on March 16, 2023, to read the letter she had written and signed "[a]nonymous." Our review of her contentions is stymied by the absence of any record of the hearing or statements by the parties and trial court. Vargas did not designate the relevant minute orders from the March and April hearings as part of the record on appeal. Nor does she disclose whether she presented the letter at the April 28, 2023 hearing, which from the record appears to be the decisive hearing on the restraining

7

order.  Without a record of the proceedings, we are unable to discern whether error occurred and must reject Vargas's contention.  (*Jameson*, *supra*, 5 Cal.5th at p. 609.)

Even if such a record were available, it is well settled that the "trial court [is] in the best position to evaluate credibility and to resolve factual disputes."  (*In re Marriage of Evilsizor & Sweeney* (2015) 237 Cal.App.4th 1416, 1426 (*Marriage of Evilsizor*).)  As stated in *Curcio*, appellate review of the evidence is limited to examining "the entire record to determine whether there is any substantial evidence—contradicted or uncontradicted—to support the trial court's findings.  [Citation.]  We must accept as true all evidence supporting the trial court's findings, resolving every conflict in favor of the judgment.  [Citation.]  *We do not determine credibility or reweigh the evidence*.  [Citation.]  If substantial evidence supports the judgment, reversal is not warranted even if facts exist that would support a contrary finding."  (*Curcio*, *supra*, 47 Cal.App.5th at p. 12, italics added.)

Vargas cites *Williams v. Barnett* (1955) 135 Cal.App.2d 607, for the proposition that "[e]ach party in the trial court is entitled to the same benefit from evidence that favors his cause or defense when produced by his adversary as when produced by himself."  (*Id*. at p. 612.)  This case does not assist Vargas.  The quoted statement simply means that whether the evidence is favorable to one party or the party's opponent is not determined by which side produced the evidence; the trial court may draw inferences favorable to one side from evidence presented by the other side.  (*Ibid*.)  *Williams* reinforces the principles of appellate court deference to the trial court's review of conflicting evidence.  "If there is substantial evidence in the record which supports the judgment, the judgment should not be reversed because of insufficiency of the evidence. All questions as to preponderance of the evidence and conflict of evidence are for the trial court."  (*Id*. at p. 611.)

We recognize Vargas's expressions of love for her grandchildren and her strong disagreement with the outcome of the restraining order hearing and trial court's

assessment of the case. However, the trial court was in the best position to weigh the evidence presented at the hearing and to determine credibility. (*Marriage of Evilsizor*, *supra*, 237 Cal.App.4th at p. 1426.) We do not revisit credibility findings and defer to the trial court's factual findings where supported by substantial evidence in the record. (*Curcio*, *supra*, 47 Cal.App.5th at p. 12.) Vargas has not provided this court with record support for her assertions about the evidence presented, nor with pertinent legal authority or persuasive reasoning to support her claims of error. She has not cited any aspect of the underlying record that would support drawing an inference contrary to that in support of the judgment.

Under the governing standard of review, and absent any showing of error by the trial court, we presume the court's ruling was correct and based upon evidence sufficient to support the challenged restraining order. (*Jameson*, *supra*, 5 Cal.5th at p. 609; *Hernandez*, *supra*, 37 Cal.App.5th at p. 277.) Because Vargas has not established error, we must affirm the trial court's ruling on the restraining order.

### III.  DISPOSITION

The April 28, 2023, restraining order is affirmed. As respondent Garcia has not appeared in this court, no costs are awarded on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

9

_____
Danner, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P. J.

_____
Bromberg, J.

**H051048**
*Garcia v. Vargas*